## *In re* CARR'S WILL.

## *In re* TOMPKINS' ESTATE.

### (*Supreme Court, General Term, Third Department.* July 2, 1892.)

OPENING SURROGATE'S DECREE—PLEADING—EVIDENCE.

> A petition to open a decree of a surrogate, finally settling the accounts of an executor, alleged neither fraud, newly-discovered evidence, clerical error, nor other cause, (Code Civil Proc. § 2481,) except a mistake of the executor and his attorney as to a matter of law; the allegations of the petition were denied, and plaintiff offered no proof to sustain them. *Held,* that the surrogate erred in opening the decree. *In re Estate of O'Neil,* 46 Hun, 500, followed.

Appeal from surrogate's court, Saratoga county.

Application by Clarence G. Carr, executor of John T. Carr, deceased, to reopen a decree finally settling the accounts of said John T. Carr as executor of the estate of Susan B. Tompkins, who died in 1885, leaving a will, by the last clause of which she appointed John T. Carr her executor, and directed that "he be paid reasonable and liberal compensation for his services, as well as his fees allowed by law." Carr, the executor, qualified and executed the will, and applied for a judicial settlement of his accounts; and on the 2d day of July, 1889, a decree was duly made and entered by said surrogate, which finally and judicially settled his accounts as such executor, and allowed him for his commissions the sum of $138.32, and for his costs and disbursements the sum of $50, and further, "for his additional compensation and other expenses under the will, the sum of $250." Thereafter, John T. Carr died; and on the 28th day of November, 1891, more than two years after said final decree was signed and entered, Clarence G. Carr, as his executor, presented to said surrogate a petition signed by W. B. French, which stated, in substance, that said John T. Carr had rendered services for the estate of said Susan B. Tompkins, for which he had not been paid, to the amount of over $3,000; that said $250 allowed in said decree as additional compensation was not intended as a final adjustment and allowance of the claim of said John T. Carr; and that, if the language used be so construed, it was a mistake on the part of the attorney who drew the decree,—and the petition prayed that said decree be opened to permit said claim to be proved. The application was granted on petition and answer, without proof, and the administrator *c. t. a.* and heirs at law of Susan B. Tompkins appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Brackett, Butler & Baucus,* (*Edgar T. Brackett,* of counsel,) for appellant. *French & Smith,* (*W. B. French,* of counsel,) for respondent.

PER CURIAM. We think the order of the surrogate, from which the appeal is taken, should not have been granted. The power of the surrogate to open and modify a decree, and of the general term on the appeal from his order, in such a case, is conferred by subdivision 6 of section 2481 of the Civil Code, as follows: "(6) To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers. Upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the general term of the supreme court has the same power as the surrogate; and his determination must be reviewed as if an original application was made to that term." The petition upon which said order was granted does not set out any facts showing fraud, newly-discovered evidence, clerical error, or other sufficient cause to open the decree, within the meaning of the above-quoted section of the Civil Code. The intent of the attorney on the former accounting is

entirely immaterial, and he fails to show any knowledge of the intent of the deceased accountant. The only possible ground, if any, shown to open the former decree, is a mistake of the deceased and his attorney on a matter of law. The decision of the general term of this district in *Re Estate of O'Neil,* 46 Hun, 500, should be followed, and is decisive of this case. It was held in that case that no court of general jurisdiction would permit a decree to be opened unless upon clear and sufficient grounds; that when the party has had his day in court, he must show that it was not his fault that he did not improve it, before he can get another day in the same matter. Assuming that the petition in this case may be deemed to prove the allegations set out in it, it fails to allege any facts which authorize the opening of the former decree of the surrogate, within the above-quoted case. Again, the petition in this case, such as it was, was squarely denied by the answer, and the surrogate assumed to open the decree without any evidence whatever showing the propriety of such a proceeding. We do not consider the question of the delay in making the application to open the decree. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.